UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON S. SUNDSTROM,<br><br>  Plaintiff,<br><br>  v.<br><br>MEGAN J. BRENNAN, in her official capacity as Postmaster General of the United States, UNITED STATES POSTAL SERVICE, agency.<br><br>  Defendants. | NO: 2:15-CV-0195-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants Megan J. Brennan, in her official capacity as Postmaster General of the United States, and the United States Postal Service's Motion to Dismiss (ECF No. 14). This matter was submitted for consideration and oral argument was heard on February 9, 2017. The Court has reviewed the briefing and the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion (ECF No. 14) is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

Plaintiff Jason S. Sundstorm began working with the United States Postal Service in 2000 as a clerk in Wenatchee, and received a promotion to a full-time employee in late 2004 or early 2005. ECF No. 16-9 at 5-6. Plaintiff subsequently applied for another position at the U.S. Postal Service, but the job was awarded to another employee and Plaintiff complained of sex discrimination, as the employee awarded the position was a women. ECF No. 16-9 at 7. Plaintiff filed an EEO complaint alleging sex discrimination and a settlement ensued, resulting in Plaintiff being awarded the position requested. ECF No. 16-9 at 7-8. Plaintiff claims that when he was placed in the job in 2008, he "immediately faced a hostile work environment." ECF No. 19 at ¶ 4. Plaintiff filed additional EEO complaints in 2008, 2009, and 2011. ECF No. 16-9 at 8.

After the EEO disputes were settled, which are not the subject of this suit, Plaintiff was free to return to work on January 3, 2012, per the terms of the settlement. ECF No. 16-9 at 14. However, Plaintiff's doctor wrote a note on Plaintiff's behalf stating "Jason cannot return to work due to job related anxiety secondary to a chronically hostile work environment. No return to work date at present as no remedial action by employer." ECF Nos. 16-2; 19 at ¶ 13. Plaintiff contemporaneously requested a reasonable accommodation of a different

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

supervisor, ECF No. 16-4, claiming that he feared his supervisor would just fire him if he returned to work. ECF No. 16-9 at 16, 19.

According to Plaintiff, in order to proceed with his request for accommodation, he was supposed to meet with his doctor and "Danielle", but Danielle did not want to talk to plaintiff. ECF No. 16-9 at 15. Plaintiff said things "drug on" and that Danielle "passed it off to Taylor after like a month, and then Taylor started filling out forms . . . ." ECF No. 16-9 at 15. Once Plaintiff's request was submitted to the District Reasonable Accommodation Committee (DRAC), Plaintiff claims his attempts to contact Diana Norris, the DRAC chair person, were ignored. CF No. 16-9 at 22.

On October 15, 2012, nearly ten months after informing his employer of his anxiety, the DRAC "determined that the accommodation(s) you specifically requested will not be provided . . . A request for reasonable accommodation that encompasses a request for a different supervisor is not required by an Agency and the DRAC declines to provide this in your case." ECF No. 16-5 at 1 (citing *EEOC Enforcement guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act*). Despite this, the DRAC recognized Plaintiff "[was in] a situation where [he could not] return to work, per [his] doctor, because [he could not] work for [his] supervisor[,]" and the committee offered to reassign Plaintiff to a job as a sales and services associate in Pasco. ECF No. 16-5 at 1.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

1  Although Defendants did not capitulate to Plaintiff's demands, in line with
2  the DRAC decision, Plaintiff returned to work on December 7, 2012 in order to
3  maintain his seniority status, ECF No. 14 at 4, albeit, according to Plaintiff, under
4  the supervision of a new Postmaster, ECF No. 19 at ¶ 26.

5  Plaintiff filed suit on July 24, 2015.  ECF No. 1.  Plaintiff stipulated that he
6  is only seeking back pay and attorney's fees pursuant to the ADA and
7  Rehabilitation Act, alleging Defendants did not give Plaintiff reasonable
8  accommodation or even engage in reasonable accommodation to come back.  ECF
9  Nos. 14 at 3; 16-9 at 12-13.  Defendants now move for summary judgment, ECF
10 No. 14, alleging the ADA claim fails because Plaintiff was not disabled, ECF No.
11 14 at 1.

## DISCUSSION

Defendants request that the Court enter an Order Granting Summary Judgment (ECF No 14).  At oral argument, Plaintiff clarified that the only claim now asserted is a claim based on the Americans with Disability Act (ADA), but then conceded that Plaintiff is not disabled as defined under the Act.  Presence of a disability is a precursor to any claim premised on the ADA.  *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999) (citation omitted).  Plaintiff's claims therefore fail and Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and Judgment accordingly, furnish copies to the parties, and close the file.

**DATED** February 16, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5